UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE J. FIORINI, II,       :        Case No. 1:04-cv-295
                       :
          Plaintiff,       :        Watson, J.
                       :        Black, M.J.
vs.                   :
                       :
UNITED STATES OF AMERICA,   :
                       :
          Defendant.     :

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (Doc. 29) BE GRANTED; AND (2) THIS CASE BE CLOSED**

This matter is before the Court on an unopposed motion for summary judgment filed by the defendant, the United States of America ("the government"). (Doc. 29.)

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, George Fiorini, initiated this action by filing a *pro se* complaint against the government on April 28, 2004, challenging on due process grounds three civil forfeiture actions, as well as criminal forfeiture claims that were included in initial and superseding indictments returned against him in a criminal matter, *United States v. Fiorini,* No. 1:03-cr-068.

Plaintiff requested, *inter alia*, a temporary restraining order and a preliminary

---

[1]      Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

injunction ordering the government to refrain from "public foreclosure, sale, levy, lien and seizure" of real properties that are subject of the civil and criminal forfeiture actions. (*See* Doc. 1.)  Plaintiff's request for preliminary relief was denied.  (Doc. 7.)

Unsuccessful in his initial attempt to block the disposition of the property, plaintiff filed a motion for protective order and for sanctions.  Plaintiff's request for a  protective order and for sanctions was also denied.  (Doc. 26.)

On March 25, 2005, the government filed a motion for summary judgment, claiming that there are no genuine issues of material fact and that the government is entitled to judgment as a matter of law.  (Doc. 29.)  Plaintiff did not respond to the motion for summary judgment.

On April 27, 2005, the Court entered an Order to plaintiff to show cause why the motion for summary judgment should not be construed as unopposed and granted as filed. (Doc. 30).  Plaintiff responded to the Court's Order To Show Cause and was granted an extension of time, to July 13, 2005, in which to file a memorandum in opposition to the motion for summary judgment.  (*See* Docs. 32, 34.)

Plaintiff, however, did not file any opposition to the motion for summary judgment.  Therefore, a second Order To Show Cause was issued on October 17, 2005. (Doc. 35.)  Plaintiff has not responded to the second Order To Show Cause.

Plaintiff's failure to respond either to the motion for summary judgment or to the second show cause order warrants granting the government's motion.  *See* S.D. Ohio Civ. R. 7.2(a)(2).  However, "a district court cannot grant summary judgment in favor of a

-2-

movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (quoting *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).  Here, in the instant case, upon such review, and for the reasons that follow, the motion for summary judgment should be granted.

## II.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute.  *Anderson,* 477 U.S. at 250; *Guarino v. Brookfield Twp. Trs.,* 980 F.2d 399, 404-05 (6th Cir. 1992).  When the non-movant has failed to point out a question of fact on an issue, the district

court's "reliance on the facts advanced by the movant is proper and sufficient."  *Guarino*, 980 F.2d at 404.

## III.  ANALYSIS

In his complaint, plaintiff challenges the Grand Jury proceeding that led to his indictment in Criminal Case No. 1-03-068 and the denial of a "pre-administrative hearing."  (Doc. 1 at pp. 2-4.)  He further challenges the sufficiency of the complaint and the probable cause affidavits filed in the civil forfeiture cases.  (*See id.* at p. 4.)  He seeks injunctive and monetary relief.  (*See id.* at pp. 1, 5-6.)

The government maintains that plaintiff's claims for injunctive relief are baseless because he has failed to demonstrate that he lacks an adequate remedy at law.  *See, e.g., United States v. Miami Univ.*, 294 F.3d, 797, 816 (6th Cir. 2002) ("to obtain either a preliminary or permanent injunction, [a party] . . . generally must show that there is no other adequate remedy at law") (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-20 (1982); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998)). Specifically, plaintiff has not set forth any reasons why he failed to defend his interests in the civil forfeiture proceedings or to seek to dismiss the criminal forfeiture charge.[2]

---

[2]    The government further argues that plaintiff's challenge to the criminal forfeiture charge is moot.  Although the initial and first superseding indictments, which returned on May 7, 2003 and November 5, 2003, respectively, contained criminal forfeiture charges, a second superseding indictment returned on July 21, 2004, did not.  *See United States v. Fiorini*, No. 1:03-cr-68 (Docs. 1, 20, 81). Contrary to the government's argument, the Sixth Circuit has held that the return of a superseding indictment does not nullify the effect of an original indictment.  *See United States v. Obi*, 85 Fed. Appx. 440, 443-44 (6th Cir. 2003).  Nonetheless, because plaintiff has not shown the lack of a legal remedy, his claim lacks merit.

-4-

With respect to plaintiff's specific allegations, the government maintains that it is entitled to judgment as a matter of law based upon the following: (1) the criminal forfeiture proceeding was authorized by 18 U.S.C. § 982(a)(1); (2) a pre-seizure hearing was not required in the criminal forfeiture proceedings because plaintiff's property was seized and forfeited through civil forfeiture proceedings; (3) the agent who submitted the probable cause affidavits was authorized to do so because she was acting in the course and scope of her employment as a federal criminal investigative agent; and (4) the probable cause affidavits set forth a reasonable basis for believing that the property involved was subject to forfeiture and, thus, were legally sufficient.

In sum, the government has met its burden of showing the absence of a genuine factual dispute which, under the substantive law governing the issue, might affect the outcome of the action.  *See Celotex*, 477 U.S. at 323.

It is therefore **RECOMMENDED** that the government's unopposed motion for summary judgment (Doc. 29) be **GRANTED**.  As no further matters remain pending for this Court's review, the case should be **CLOSED**.


Date:  1/3/06                                        s/Timothy S. Black
                                                     Timothy S. Black
                                                     United States Magistrate Judge

-5-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GEORGE J. FIORINI, II,         :         Case No. 1:04-cv-295
                              :
          Plaintiff,      :         Watson, J.
                              :         Black, M.J.
vs.                       :
                              :
UNITED STATES OF AMERICA,    :
                              :
         Defendant.    :

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).